IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Pamela May, ) | |
| ) | Civil Action No. 6:13-1360-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff's husband,[1] Charles May ("May"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for disability insurance benefits. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 24.) May has filed objections to the Report (ECF No. 26) and the Commissioner has responded to those objections (ECF No. 27). Accordingly, this matter is now ripe for review.

**BACKGROUND**

May filed an application for disability insurance benefits on July 7, 2009, alleging that he became unable to work on March 1, 2008. May later amended this date to July 8, 2009. His application was denied initially and on reconsideration. On May 13, 2011, an Administrative Law Judge ("ALJ") heard testimony from May and a vocational expert regarding his alleged

---

[1] The claimant in this case, Charles May, passed away on July 29, 2013. Pamela May was substituted as the plaintiff on August 16, 2013. However, for simplicity's sake, any reference in this order to "the plaintiff" refers to Mr. May.

disabilities. After the hearing, the ALJ issued his decision, finding that May suffered from the severe impairment of degenerative disc disease, but he did not have an impairment or combination of impairments that met the severity of one of the listed impairments. In addition, the ALJ found that May could perform sedentary work, with certain restrictions, and that there were jobs that May could still perform. Accordingly, the ALJ found that May was not disabled, as defined in the SSA. The Appeals Council denied May's request for review, making the ALJ's decision the final decision of the Commissioner. Now, May has brought this action for judicial review.

## STANDARD OF REVIEW

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.␣The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations,

or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

May asserts the following objections to the Report: (1) the magistrate judge incorrectly found no error in the ALJ's analysis of May's treating physician's opinion; (2) the magistrate judge incorrectly found that additional evidence submitted to the Appeals Council after the ALJ's decision did not undermine the substantial evidence supporting the ALJ's decision; and (3) the magistrate judge erred in relying on *Pierpaoli v. Astrue*, C/A No. 4:10-2401-CMC-TER, 2012 WL 265023 (D.S.C. Jan. 30, 2012), to find that the ALJ's inclusion of an "as needed" sit/stand option was sufficiently specific under Social Security Ruling ("SSR") 96-9p. The court has performed the requisite de novo review of each of these issues and, as to May's first two objections, the court adopts the Report's well-reasoned analysis of these two issues and sees no reason to further expound on those findings. And, as to May's final objection, for the following reasons, the court finds that the Report's reliance on *Pierpaoli* was not misplaced.

SSR 96-9p provides that:

> Where [the need to alternate sitting and standing] cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the

> case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p. In this case, the ALJ found that May could perform sedentary work with an option to "alternate between sitting and standing as needed without being off task." This is also the exact language the ALJ used in his second hypothetical to the vocational expert during the hearing. The Report found that the ALJ was entitled to rely on the vocational expert's testimony and pointed out that courts in this district have found that RFC findings including an at-will sit/stand option are sufficiently specific under SSR 96-9p, citing *Pierpaoli* as an example.

In *Pierpaoli*, the court upheld an at-will sit/stand option, finding that an option to sit or stand at will "is the most flexible sit/stand option" and did not require any further specificity. *Pierpaoli*, 2012 WL 265023 at *3. In making this finding, the court adopted a report and recommendation that cited *Thompson v. Astrue*, 442 Fed. Appx. 804 (4th Cir. 2011), as support for that conclusion. May asserts that the Report cannot rely on *Pierpaoli* because it relies on *Thompson*, which is distinguishable because the ALJ in *Thompson* never reached step five. As support for this assertion, May offers *Williams v. Colvin*, Civil Action No. 3:12-1821-MGL, 2013 WL 3821266 (D.S.C. July 23, 2013). In *Williams*, the court distinguished *Thompson*, stating "that case never proceeded to step five because the ALJ found at step four that the plaintiff could perform past relevant work, thus, SSR 96-9p was not applicable" and noting that, in *Thompson*, the record supported a finding that the ALJ meant the sit/stand option to be at-will. *Id.* at *3. Thus, the court found that the ALJ's inclusion of a bare sit/stand option, with no reference to frequency whatsoever, did not satisfy SSR 96-9p.

5

The court is not persuaded by May's argument. This case is easily distinguishable from *Williams* because here the ALJ's RFC assessment and hypotheticals to the vocational expert reference frequency. Further, the court finds nothing in SSR 96-9p that would preclude an ALJ from specifying frequency in terms of "as needed" or "at will," rather than specific time intervals, and, like the Report, finds that the ALJ was entitled to rely on the vocational expert's testimony.

## CONCLUSION

Accordingly, after conducting the requisite review of the record in this case, the court adopts the Report and incorporates it herein. Thus, the court finds that the Commissioner's decision is supported by substantial evidence and is, therefore, AFFIRMED.

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

July 30, 2014
Anderson, South Carolina

5